```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONAHUE FIELDS,

        Plaintiff,

-against-

RACKSON RESTAURANTS, LLC et al.,

        Defendants.

24-CV-9265 (DEH) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, and for report and recommendation on dispositive motions, if any, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses. Parties and counsel are cautioned:

    1.    It is Judge Moses's practice to hold all court proceedings in person absent good cause to hold a particular proceeding remotely. *See* Moses Ind. Prac. § 5. Plaintiff's decision to retain counsel in Colorado to represent him in the Southern District of New York is not, standing alone, good cause to conduct remote proceedings.

    2.    Once a discovery schedule has been issued, all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

    3.    Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and Moses Ind. Prac. § 2(b). It is the Court's practice to decide discovery disputes

at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

4. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

5. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with Moses Ind. Prac. § 2(a). Telephone requests for adjournments or extensions will not be entertained.

6. In accordance with Moses Ind. Prac. § 1(d), letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains voluminous attachments. Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments.

7. If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Tamika Kay at (212) 805-0228 immediately.

8. Counsel for the plaintiff must serve a copy of this Order on any defendant previously served with the summons and complaint, must serve this Order along with the summons and complaint on all defendants served hereafter, and must file proof of such service with the Court.

Dated: New York, New York  **SO ORDERED.**
December 13, 2024

_____
**BARBARA MOSES, U.S.M.J.**